*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps
# Court of Criminal Appeals

Before
DALY, KISOR, and HARRELL
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Kurt A. TRUSSELL**
Logistics Specialist Second Class Petty Officer (E-5), U.S. Navy
*Appellant*

**No. 202500100**

_____

Decided: 27 April 2026

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judges:
Derek D. Butler (Arraignment)
Eric A. Catto (Trial)

Sentence adjudged 20 May 2021 by a general court-martial tried at Naval Air Station Jacksonville, Florida, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: reduction to E-3, forfeiture of $1,000 per month for 4 months, and confinement for 10 days.

For Appellant:
*Lieutenant Jesse B. Neumann, JAGC, USN*

For Appellee:
*Lieutenant Commander Philip J. Corrigan, JAGC, USN*
*Commander John T. Cole, JAGC, USN*

------------------------

**This opinion does not serve as binding precedent but may be cited as persuasive authority under NMCCA Rule of Appellate Procedure 30.2.**

------------------------

PER CURIAM:

Appellant was convicted consistent with his pleas, of one specification of wrongfully disposing of military property of a value more than $1000, in violation of Article 108, Uniform Code of Military Justice (UCMJ).[1]

Appellant asserts one assignment of error: Was Appellant provident to his pleas of guilty for disposing of military property without proper authorization when such property was not military property?[2] We have carefully considered the matters raised by Appellant in his brief and find they do not require discussion or relief.[3]

We have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[4]

The findings and sentence are **AFFIRMED**.



FOR THE COURT:

MARK K. JAMISON
Clerk of Court

------------------------

[1] 10 U.S.C. § 908.

[2] Raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[3] *See United States v. Matias,* 25 M.J. 356, 361 (C.M.A. 1987).

[4] Articles 59 & 66, UCMJ, 10 U.S.C. §§ 859, 866.